# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NEUROCRINE BIOSCIENCES, INC.

Plaintiff,

v.

ZYDUS PHARMACEUTICALS (USA) INC.,
ZYDUS WORLDWIDE DMCC, ZYDUS
HEALTHCARE (USA) LLC and ZYDUS
LIFESCIENCES LIMITED (f/k/a CADILA
HEALTHCARE LIMITED)

Defendants.

Civil Action No. _____

## COMPLAINT FOR PATENT INFRINGEMENT

Neurocrine Biosciences, Inc. ("Neurocrine"), by way of Complaint against Defendants Zydus Pharmaceuticals (USA) Inc. ("Zydus Pharmaceuticals"), Zydus Worldwide DMCC ("Zydus Worldwide"), Zydus Healthcare (USA) LLC ("Zydus Healthcare") and Zydus Lifesciences Limited f/k/a Cadila Healthcare Limited (d/b/a Zydus Cadila) ("Zydus Lifesciences") (collectively "Zydus" or "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action for patent infringement of U.S. Patent Nos. 10,065,952 ("the '952 patent"), 10,844,058 ("the '058 patent"), 10,851,103 ("the '103 patent"), 10,851,104 ("the '104 patent"), 10,857,137 ("the '137 patent"), 10,857,148 ("the '148 patent"), 10,874,648 ("the '648 patent"), 10,906,902 ("the '902 patent"), 10,906,903 ("the '903 patent"), 10,912,771 ("the '771 patent"), 10,919,892 ("the '892 patent"), 10,940,141 ("the '141 patent"), 10,952,997 ("the '997 patent"), 10,993,941 ("the '941 patent"), 11,026,931 ("the '931 patent"), 11,026,939 ("the '939 patent") and 11,040,029 ("the '029 patent") (collectively "the patents-in-suit"), arising under

the United States patent laws, Title 35, United States Code, § 100 *et. seq.*, including 35 U.S.C. §§ 271 and 281.  This action relates to Zydus' filing of an Abbreviated New Drug Application ("ANDA") No. 216137 under Section 505(j) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to manufacture, use, import, offer to sell and/or sell Valbenazine Capsules, 60 mg ("Zydus' generic products") before the expiration of the patents-in-suit.

2.      Neurocrine filed separate actions involving the same ANDA No. 216137 in this Court and the District of New Jersey for patent infringement of the '952 patent, the '058 patent, the '103 patent, the '104 patent, the '137 patent, the '148 patent, the '648 patent, the '902 patent, the '903 patent, the '771 patent, the '892 patent, the '141 patent and the '997 patent (collectively "First Suit Patents") in *Neurocrine Biosciences, Inc. v. Zydus Pharmaceuticals (USA) Inc. et al*, C.A. No. 1:21-cv-01118-MN (D. Del. filed July 30, 2021) ("the First Delaware Suit") and *Neurocrine Biosciences, Inc. v. Zydus Pharmaceuticals (USA) Inc. et al*, C.A. No. 2:21-cv-14447-KM-JSA (D.N.J. filed July 30, 2021) ("the First New Jersey Suit") (collectively "the First Suits").

3.      The First Suits were filed in response to a letter from Zydus dated June 15, 2021 ("Zydus' First Notice Letter"), purporting to include an exhibit titled "Zydus's Detailed Factual and Legal Bases in Support of its Paragraph IV Certification for Valbenazine Capsules, 40 mg and 80 mg."  Zydus' First Notice Letter stated that Zydus had filed ANDA No. 216137, seeking approval to manufacture, use, import, offer to sell and/or sell Valbenazine Capsules, 40 mg and 80 mg before the expiration of the First Suit Patents.  The First Suits included counts of infringement of the First Suit Patents.

4.      The First New Jersey Suit was dismissed in favor of continued prosecution of the First Delaware Suit after Zydus Pharmaceuticals, Zydus Worldwide, and Cadila Healthcare

Limited answered that they would not contest subject matter jurisdiction, venue, or personal jurisdiction in Delaware for the alleged claims related to Zydus' ANDA No. 216137 (s*ee* Notice of Voluntary Dismissal ordered in the First New Jersey Suit on March 22, 2022; *see also* Answer in the First Delaware Suit at ¶¶ 12-13, 15-16, 27, 30-31, and 33 (filed February 8, 2022)).

5.      Neurocrine also filed separate actions involving the same ANDA No. 216137 in this Court and the District of New Jersey for patent infringement of the '941 patent, the '931 patent, the '939 patent and the '029 patent (collectively "Second Suit Patents") in *Neurocrine Biosciences, Inc. v. Zydus Pharmaceuticals (USA) Inc. et al*, C.A. No. 1:21-cv-01553-MN (D. Del. filed October 29, 2021) ("the Second Delaware Suit") and *Neurocrine Biosciences, Inc. v. Zydus Pharmaceuticals (USA) Inc. et al*, No. 2:21-cv-19466-KM-JSA (D.N.J. filed October 29, 2021) ("the Second New Jersey Suit") (collectively "the Second Suits").

6.      The Second Suits were filed in response to a letter from Zydus dated September 16, 2021 ("Zydus' Second Notice Letter"), purporting to include an exhibit titled "Zydus's Detailed Factual and Legal Bases in Support of its Paragraph IV Certification for Valbenazine Capsules, 40 mg and 80 mg." Zydus' Second Notice Letter stated that Zydus had filed ANDA No. 216137, seeking approval to manufacture, use, import, offer to sell and/or sell Valbenazine Capsules, 40 mg and 80 mg before the expiration of the Second Suit Patents. The Second Suits included counts of infringement of the Second Suit Patents.

7.      The Second New Jersey Suit was dismissed in favor of continued prosecution of the Second Delaware Suit after Zydus Pharmaceuticals, Zydus Worldwide, and Zydus Lifesciences f/k/a Cadila Healthcare Limited answered that they would not contest subject matter jurisdiction, venue, or personal jurisdiction in Delaware for the alleged claims related to Zydus' ANDA No. 216137 (s*ee* Notice of Voluntary Dismissal ordered in the Second New Jersey Suit on March 22,

{01786866;v1 }                                          3

2022; *see also* Answer in the Second Delaware Suit at ¶¶ 15-16, 18-19, 22, 30, 33-34, and 36 (filed March 18, 2022)).

8.      This complaint is filed in response to a new, third letter from Zydus dated February 18, 2022 ("Zydus' Third Notice Letter"), purporting to include an exhibit titled "Zydus's Detailed Factual and Legal Bases in Support of its Paragraph IV Certification for Valbenazine Capsules, 60 mg." Zydus' Third Notice Letter stated that Zydus had filed ANDA No. 216137, seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products before the expiration of the patents-in-suit.

## THE PARTIES

9.      Neurocrine is a corporation organized and existing under the laws of Delaware with its corporate headquarters at 12780 El Camino Real, San Diego, CA 92130.

10.     Neurocrine is engaged in the business of researching, developing and bringing to market innovative pharmaceutical products for the treatment of neurological, endocrine and psychiatric disorders.

11.     Upon information and belief, Zydus Pharmaceuticals is a corporation organized under the laws of New Jersey and its principal place of business is located at 73 Route 31 N., Pennington, New Jersey 08534.

12.     Upon information and belief, Zydus Worldwide is a corporation organized under the laws of the United Arab Emirates and its principal place of business is located at Armada Tower 2, P2, Cluster P, 9 Floor, Office 908, Al Thanyah 5, Hadaeq Mohammed Bin Rashid, Dubai, United Arab Emirates.

13.     Upon information and belief, Zydus Healthcare is a company organized under the laws of the state of Delaware and its principal place of business is located at 73 Route 31 N.,

Pennington, NJ, 08534-3601.

14. Upon information and belief, Zydus Lifesciences is a corporation organized under the laws of the Republic of India and its principal place of business is located at Zydus Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar), Nr. Vaishnodevi Circle, S.G. Highway, Ahmedabad, Gandhinagar GJ 382481 IN.

15. Upon information and belief, Zydus Lifesciences Limited was formerly known as Cadila Healthcare Limited. *See Neurocrine Biosciences, Inc. v. Zydus Pharmaceuticals (USA) Inc. et al*, C.A. No. 1:21-cv-01553-MN, D.I. Nos. 17-20 (D. Del. filed March 18, 2022) (Answer and Corporate Disclosure Statements filed by Zydus Pharmaceuticals, Zydus Worldwide, and Cadila Healthcare Limited stating that Zydus Lifesciences Limited was formerly known as Cadila Healthcare Limited). When the First Suits and Second Suits were filed, First Suit and Second Suit Defendant Cadila Healthcare Limited was the company name associated with CIN L24230GJ1995PLC025878 and Registration Number 025878. As of the date of this filing, Zydus Lifesciences Limited is the company name associated with CIN L24230GJ1995PLC025878 and Registration Number 025878, and Zydus has identified this name change publicly. *See* https://www.zyduslife.com/zyduslife/ (accessed March 14, 2022) ("Cadila Healthcare Ltd., is renamed as Zydus Lifesciences Ltd.").

16. Upon information and belief, Zydus Pharmaceuticals is a subsidiary of Zydus Lifesciences.

17. Upon information and belief, Zydus Worldwide is a subsidiary of Zydus Lifesciences.

18. Upon information and belief, Zydus Healthcare is a subsidiary of Zydus Lifesciences.

{01786866;v1 }                                        5

19.    Upon information and belief, Zydus Pharmaceuticals, Zydus Worldwide and Zydus Healthcare are generic pharmaceutical companies that, in coordination with each other and Zydus Lifesciences or at the direction of Zydus Lifesciences, develop, manufacture, market and distribute generic pharmaceutical products for sale in the State of Delaware and throughout the United States.

## JURISDICTION AND VENUE

20.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

21.    Upon information and belief, venue and jurisdiction are proper for this proceeding.

22.    Plaintiff believes this case belongs in Delaware but is concurrently filing a case in New Jersey out of an abundance of caution.

23.    This Court has personal jurisdiction over Zydus Pharmaceuticals.    Upon information and belief, Zydus Pharmaceuticals is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products, including generic drug products.    Upon information and belief, Zydus Pharmaceuticals directly, or indirectly, develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district.    Upon information and belief, Zydus Pharmaceuticals purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Zydus' generic products.

24.    This Court has personal jurisdiction over Zydus Worldwide.  Upon information and belief, Zydus Worldwide is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products, including generic drug products.  Upon information and belief, Zydus Worldwide directly, or indirectly, develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district.  Upon information and belief, Zydus Worldwide purposefully has conducted and continues to conduct business in this judicial district,

and this judicial district is a likely destination of Zydus' generic products.

25. Upon information and belief, Zydus Worldwide is the holder of ANDA No. 216137.

26. This Court has personal jurisdiction over Zydus Healthcare. Upon information and belief, Zydus Healthcare is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products, including generic drug products. Upon information and belief, Zydus Healthcare directly, or indirectly, develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district. Upon information and belief, Zydus Healthcare purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Zydus' generic products.

27. This Court has personal jurisdiction over Zydus Lifesciences. Upon information and belief, Zydus Lifesciences is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products, including generic drug products. Upon information and belief, Zydus Lifesciences directly, or indirectly, develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district. Upon information and belief, Zydus Lifesciences purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Zydus' generic products.

28. Upon information and belief, Zydus Pharmaceuticals is a United States agent for Zydus Lifesciences. Upon information and belief, Zydus Pharmaceuticals admits that "[w]ith the strength and worldwide reputation of Zydus Cadila [i.e., Zydus Lifesciences] supporting the US division, Zydus is looking forward to continuing its growth in the US marketplace." https://zydususa.com/overview/ (accessed March 14, 2022).

29. Upon information and belief, Zydus Healthcare is a United States agent for Zydus

Lifesciences.  Upon information and belief, Zydus Healthcare "procures products from third parties and sells goods and services to Zydus Cadila [i.e., Zydus Lifesciences]." https://www.zyduslife.com/public/pdf/financial/subsidaries(2018-2019)/Zydus%20Healthcare%20(USA)%20LLC_Dec'18.pdf (accessed March 14, 2022).  Upon information and belief, Zydus Healthcare "also provides services to . . . Zydus Worldwide."  *Id*. Upon information and belief, Zydus Lifesciences avails itself of the services of Zydus Healthcare "for getting its various products registered in USA for the purpose of marketing its generic products in USA.  [Zydus Lifesciences] is mandatorily required to get approval of US Food & Drug Authority (FDA) for each and every product to be marketed in USA and for that purpose it has to carry out various administrative and legal formalities through its associate enterprise [Zydus Healthcare] in USA." Income Tax Appellate Tribunal - Ahmedabad Order, dated June 6, 2018, https://indiankanoon.org/doc/36216909/ (accessed March 14, 2022).

30.     Upon information and belief, Zydus Pharmaceuticals, Zydus Worldwide, Zydus Healthcare and Zydus Lifesciences hold themselves out as a unitary entity and operate as a single integrated business with respect to the regulatory approval, manufacturing, marketing, sale and distribution of generic pharmaceutical products throughout the United States, including in this judicial district.

31.     Upon information and belief, Zydus Pharmaceuticals "is ranked the sixth largest unbranded generic corporation in the US based on dispensed prescriptions" and "look[s] forward to continuing its growth in the US marketplace" as it "focuses its efforts on more challenging and rewarding opportunities, including several first-to-file and 505(b)(2) opportunities." https://zydususa.com/overview/ (accessed March 14, 2022).  Upon information and belief, Zydus Pharmaceuticals admits that "Zydus's generic products can be found across the country in most

pharmacies, both in store as well as mail order." https://zydususa.com/faq/ (accessed March 14, 2022).

32.     Upon information and belief, Zydus Pharmaceuticals admits that it has two facilities in the U.S.  https://zydususa.com/overview/ (accessed March 14, 2022).

33.     Upon information and belief, Zydus Pharmaceuticals is engaged in the submission and approval of ANDAs for the U.S. market, admitting "Zydus has filed over 120 drug master files (DMFs), received final USFDA approval on 294 [ANDAs], received tentative USFDA approval on 32 ANDAs, and has 109 ANDAs pending approval with the USFDA." *Id.*  Upon information and belief, Zydus "also has approximately 250 additional products in various stages of development." *Id.*

34.     Upon information and belief, Zydus Lifesciences "has manufacturing sites and research facilities . . . in the US" and "has a strong presence in the regulated markets of the US." https://www.zyduslife.com/index (accessed March 14, 2022).  Upon information and belief, Zydus Lifesciences describes itself "[a]s one of the key players amongst the pharmaceutical manufacturing companies." *Id.*

35.     Zydus' ANDA filing regarding the patents-in-suit relates to this litigation and is substantially connected with this judicial district because it reliably and non-speculatively predicts Zydus' intent to market and sell Zydus' generic products in this judicial district.

36.     Zydus has taken the significant step of applying to the FDA for approval to engage in future activities—including the marketing of its generic drugs—which, upon information and belief, will be purposefully directed at the District of Delaware and elsewhere throughout the United States.  Upon information and belief, Zydus intends to direct sales of its generic drugs in this judicial district, among other places, once Zydus receives the requested FDA approval to

market its generic products.  Upon information and belief, Zydus will engage in marketing of its proposed generic products in Delaware upon approval of its ANDA.

37.     Upon information and belief, Zydus Pharmaceuticals, Zydus Worldwide, Zydus Healthcare and Zydus Lifesciences have thus been, and continue to be, joint and prime actors in the drafting, submission, approval and maintenance of ANDA No. 216137.

38.     For these reasons and for other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over Zydus.

39.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), because Zydus Worldwide is incorporated in the United Arab Emirates and may be sued in any judicial district in the United States.

40.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), because Zydus Healthcare is incorporated in the state of Delaware.

41.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), because Zydus Lifesciences is incorporated in the Republic of India and may be sued in any judicial district in the United States.

## FACTUAL BACKGROUND

### The NDA

42.     Neurocrine is the holder of New Drug Application ("NDA") No. 209241 for INGREZZA® (valbenazine) Capsules in 40, 60, and 80 mg dosage forms ("INGREZZA® Capsules").

43.     The FDA approved NDA No. 209241 on April 11, 2017.

44.     INGREZZA® Capsules are prescription drugs approved for the treatment of tardive dyskinesia.   Valbenazine, which is present as the tosylate salt, is the active ingredient in INGREZZA® Capsules.

45.     Valbenazine Capsules are marketed in the United States under the trademark INGREZZA®.

### The Patents-in-Suit

46.     The United States Patent and Trademark Office ("the PTO") issued the '952 patent on September 4, 2018, titled "Valbenazine Salts and Polymorphs Thereof."   A true and correct copy of the '952 patent is attached as Exhibit A.

47.     Neurocrine owns the '952 patent through assignment as recorded by the PTO at Reel 041075, Frame 0820 and Reel 042510, Frame 0992.

48.     The '952 patent currently expires on October 28, 2036.

49.     The '952 patent is listed in Approved Drug Products With Therapeutic Equivalence Evaluations ("the Orange Book") in connection with NDA No. 209241 for INGREZZA® Capsules.

50.     The PTO issued the '058 patent on November 24, 2020, titled "Valbenazine Salts and Polymorphs Thereof."   A true and correct copy of the '058 patent is attached as Exhibit B.

51.     Neurocrine owns the '058 patent through assignment as recorded by the PTO at Reel 052974, Frame 0121; Reel 052974, Frame 0549 and Reel 053995, Frame 0827.

52.     The '058 patent currently expires on October 28, 2036.

53.     The '058 patent is listed in the Orange Book in connection with NDA No. 209241 for INGREZZA® Capsules.

54.     The PTO issued the '103 patent on December 1, 2020, titled "Valbenazine Salts and Polymorphs Thereof."   A true and correct copy of the '103 patent is attached as Exhibit C.

55.    Neurocrine owns the '103 patent through assignment as recorded by the PTO at Reel 052974, Frame 0121; Reel 052974, Frame 0549 and Reel 053995, Frame 0827.

56.    The '103 patent currently expires on October 28, 2036.

57.    The '103 patent is listed in the Orange Book in connection with NDA No. 209241 for INGREZZA® Capsules.

58.    The PTO issued the '104 patent on December 1, 2020, titled "Valbenazine Salts and Polymorphs Thereof."  A true and correct copy of the '104 patent is attached as Exhibit D.

59.    Neurocrine owns the '104 patent through assignment as recorded by the PTO at Reel 052974, Frame 0121; Reel 052974, Frame 0549 and Reel 053995, Frame 0827.

60.    The '104 patent currently expires on October 28, 2036.

61.    The '104 patent is listed the Orange Book in connection with NDA No. 209241 for INGREZZA® Capsules.

62.    The PTO issued the '137 patent on December 8, 2020, titled "Methods for the Administration of Certain VMAT2 Inhibitors."  A true and correct copy of the '137 patent is attached as Exhibit E.

63.    Neurocrine owns the '137 patent through assignment as recorded by the PTO at Reel 052974, Frame 0888.

64.    The '137 patent currently expires on October 10, 2037.

65.    The '137 patent is listed in the Orange Book in connection with NDA No. 209241 for INGREZZA® Capsules.

66.    The PTO issued the '148 patent on December 8, 2020, titled "Methods for the Administration of Certain VMAT2 Inhibitors."  A true and correct copy of the '148 patent is attached as Exhibit F.

67.    Neurocrine owns the '148 patent through assignment as recorded by the PTO at Reel 053415, Frame 0436.

68.    The '148 patent currently expires on October 10, 2037.

69.    The '148 patent is listed in the Orange Book in connection with NDA No. 209241 for INGREZZA® Capsules.

70.    The PTO issued the '648 patent on December 29, 2020, titled "Methods for the Administration of Certain VMAT2 Inhibitors."  A true and correct copy of the '648 patent is attached as Exhibit G.

71.    Neurocrine owns the '648 patent through assignment as recorded by the PTO at Reel 050397, Frame 0502 and Reel 050515, Frame 0577.

72.    The '648 patent currently expires on October 10, 2037.

73.    The '648 patent is listed in the Orange Book in connection with NDA No. 209241 for INGREZZA® Capsules.

74.    The PTO issued the '902 patent on February 2, 2021, titled "Synthetic Methods for Preparation    of    (S)-(2R,3R,11bR)-3-isobutyl-9,10-dimethoxy-2,3,4,6,7,11b-hexahydro-1H-pyrido[2,1-a]isoquinolin-2-2-amino-3-methylbutanoate  di(4-methylbenzenesulfonate)."   A true and correct copy of the '902 patent is attached as Exhibit H.

75.    Neurocrine owns the '902 patent through assignment as recorded by the PTO at Reel 053426, Frame 0765; Reel 053426, Frame 0633; Reel 053440, Frame 0795 and Reel 053800, Frame 0270.

76.    The '902 patent currently expires on December 22, 2036.

77.    The '902 patent is listed in the Orange Book in connection with NDA No. 209241 for INGREZZA® Capsules.

78.    The PTO issued the '903 patent on February 2, 2021, titled "Synthetic Methods for Preparation of (S)-(2R,3R,11bR)-3-isobutyl-9,10-dimethoxy-2,3,4,6,7,11b-hexahydro-1H-pyrido[2,1-a]isoquinolin-2-yl 2-amino-3-methylbutanoate di(4-methylbenzenesulfonate)." A true and correct copy of the '903 patent is attached as Exhibit I.

79.    Neurocrine owns the '903 patent through assignment as recorded by the PTO at Reel 053426, Frame 0765; Reel 053426, Frame 0633; Reel 053440, Frame 0795 and Reel 053800, Frame 0270.

80.    The '903 patent currently expires on December 22, 2036.

81.    The '903 patent is listed in the Orange Book in connection with NDA No. 209241 for INGREZZA® Capsules.

82.    The PTO issued the '771 patent on February 9, 2021, titled "Methods for the Administration of Certain VMAT2 Inhibitors." A true and correct copy of the '771 patent is attached as Exhibit J.

83.    Neurocrine owns the '771 patent through assignment as recorded by the PTO at Reel 054349, Frame 0110.

84.    The '771 patent currently expires on October 10, 2037.

85.    The '771 patent is listed in the Orange Book in connection with NDA No. 209241 for INGREZZA® Capsules.

86.    The PTO issued the '892 patent on February 16, 2021, entitled "Synthetic Methods for Preparation of (S)-(2R,3R,11bR)-3-isobutyl-9,10-dimethoxy-2,3,4,6,7,11b-hexahydro-1H-pyrido[2,1-a]isoquinolin-2-yl 2-amino-3-methylbutanoate di(4-methylbenzenesulfonate)." A true and correct copy of the '892 patent is attached as Exhibit K.

87.    Neurocrine owns the '892 patent through assignment as recorded by the PTO at

Reel 053426, Frame 0765; Reel 053426, Frame 0633; Reel 053440, Frame 0795 and Reel 053800, Frame 0270.

88.    The '892 patent currently expires on December 22, 2036.

89.    The '892 patent is listed in the Orange Book in connection with NDA No. 209241 for INGREZZA® Capsules.

90.    The PTO issued the '141 patent on March 9, 2021, titled "Methods for the Administration of Certain VMAT2 Inhibitors."  A true and correct copy of the '141 patent is attached as Exhibit L.

91.    Neurocrine owns the '141 patent through assignment as recorded by the PTO at Reel 053540, Frame 0438.

92.    The '141 patent currently expires on August 10, 2040.

93.     The '141 patent is listed in the Orange Book in connection with NDA No. 209241 for INGREZZA® Capsules.

94.    The PTO issued the '997 patent on March 23, 2021, titled "Methods for the Administration of Certain VMAT2 Inhibitors."  A true and correct copy of the '997 patent is attached as Exhibit M.

95.    Neurocrine owns the '997 patent through assignment as recorded by the PTO at Reel 052974, Frame 0968.

96.    The '997 patent currently expires on October 10, 2037.

97.    The '997 patent is listed in the Orange Book in connection with NDA No. 209241 for INGREZZA® Capsules.

98.    The PTO issued the '941 patent on May 4, 2021, titled "Methods for the Administration of Certain VMAT2 Inhibitors."  A true and correct copy of the '941 patent is

{01786866;v1 }                                                          15

attached as Exhibit N.

99.    Neurocrine owns the '941 patent through assignment as recorded by the PTO at Reel 053415, Frame 0390.

100.    The '941 patent currently expires on October 10, 2037.

101.    The '941 patent is listed in the Orange Book in connection with NDA No. 209241 for INGREZZA® Capsules.

102.    The PTO issued the '931 patent on June 8, 2021, titled "Methods for the Administration of Certain VMAT2 Inhibitors."  A true and correct copy of the '931 patent is attached as Exhibit O.

103.    Neurocrine owns the '931 patent through assignment as recorded by the PTO at Reel 055564, Frame 0388.

104.    The '931 patent currently expires on August 14, 2039.

105.    The '931 patent is listed in the Orange Book in connection with NDA No. 209241 for INGREZZA® Capsules.

106.    The PTO issued the '939 patent on June 8, 2021, titled "High Dosage Valbenazine Formulation and Compositions, Methods, and Kits Related Thereto."  A true and correct copy of the '939 patent is attached as Exhibit P.

107.    Neurocrine owns the '939 patent through assignment as recorded by the PTO at Reel 054171, Frame 0426.

108.    The '939 patent currently expires on September 18, 2038.

109.    The '939 patent is listed in the Orange Book in connection with NDA No. 209241 for INGREZZA® Capsules.

110.    The PTO issued the '029 patent on June 22, 2021, titled "Methods for the

Administration of Certain VMAT2 Inhibitors." A true and correct copy of the '029 patent is attached as Exhibit Q.

111. Neurocrine owns the '029 patent through assignment as recorded by the PTO at Reel 052974, Frame 0736.

112. The '029 patent currently expires on October 10, 2037.

113. The '029 patent is listed in the Orange Book in connection with NDA No. 209241 for INGREZZA® Capsules.

### The ANDA

114. Upon information and belief, Zydus submitted ANDA No. 216137 with the FDA under 21 U.S.C. § 355(j) seeking FDA approval to manufacture, use, import, offer to sell and/or sell in the United States Valbenazine Capsules, 60 mg (defined above as "Zydus' generic products"), which are generic versions of Neurocrine's INGREZZA® Capsules.

115. Zydus' Third Notice Letter states that ANDA No. 216137 contains certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), alleging that the claims of the patents-in-suit are invalid, unenforceable and/or will not be infringed by the manufacture, use, import, offer to sell and/or sale of Zydus' generic products.

116. Plaintiff commenced this action within 45 days of receiving Zydus' Third Notice Letter.

### COUNT I

### (INFRINGEMENT OF THE '952 PATENT)

117. Plaintiff realleges, and incorporates fully herein, each preceding paragraph.

118.    Upon information and belief, Zydus filed ANDA No. 216137 seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '952 patent.

119.    Zydus' Third Notice Letter states that Zydus filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '952 patent are invalid, unenforceable and/or will not be infringed.

120.    Upon information and belief, in its ANDA No. 216137, Zydus has represented to the FDA that Zydus' generic products is pharmaceutically and therapeutically equivalent to Neurocrine's INGREZZA® Capsules.

121.    Zydus has actual knowledge of the '952 patent, as evidenced by at least Zydus' Third Notice Letter.

122.    Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed at least one claim of the '952 patent by submitting, or causing to be submitted, to the FDA ANDA No. 216137, seeking approval to manufacture, use, import, offer to sell or sell Zydus' generic products before the expiration date of the '952 patent.

123.    Upon information and belief, if ANDA No. 216137 is approved, Zydus intends to and will manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States.

124.    Upon information and belief, if ANDA No. 216137 is approved, Zydus will infringe one or more claims of the '952 patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing Zydus' generic products, and/or by actively inducing infringement by others under § 271(b) and/or contributing to

infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 216137 shall be no earlier than the expiration of the '952 patent.

125.   Upon information and belief, Zydus knows, should know and intends that physicians will prescribe and patients will take Zydus' generic products for which approval is sought in ANDA No. 216137, and therefore will infringe at least one claim of the '952 patent.

126.   Upon information and belief, Zydus has knowledge of the '952 patent and, by its proposed package insert for Zydus' generic products, knows or should know that it will induce direct infringement of at least one claim of the '952 patent, either literally or under the doctrine of equivalents.

127.   Upon information and belief, Zydus is aware and/or has knowledge that its proposed package insert will recommend, suggest, encourage and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Zydus' generic products according to the instructions in the proposed package insert in a way that directly infringes at least one claim of the '952 patent.

128.   Upon information and belief, Zydus' actions relating to Zydus' ANDA No. 216137 complained of herein were done by and for the benefit of Zydus.

129.   Plaintiff will be irreparably harmed by Zydus' infringing activities unless this Court enjoins those activities.

130.   Plaintiff does not have an adequate remedy at law.

## COUNT II

### (INFRINGEMENT OF THE '058 PATENT)

131.   Plaintiff realleges, and incorporates fully herein, each preceding paragraph.

132.   Upon information and belief, Zydus filed ANDA No. 216137 seeking approval to

manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '058 patent.

133.     Zydus' Third Notice Letter states that Zydus filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '058 patent are invalid, unenforceable and/or will not be infringed.

134.     Upon information and belief, Zydus admits infringement of at least one claim of the '058 patent because Zydus' Third Notice Letter did not provide any non-infringement allegation with respect to at least one claim of the '058 patent.

135.     Upon information and belief, in its ANDA No. 216137, Zydus has represented to the FDA that Zydus' generic products is pharmaceutically and therapeutically equivalent to Neurocrine's INGREZZA® Capsules.

136.     Zydus has actual knowledge of the '058 patent, as evidenced by at least Zydus' Third Notice Letter.

137.     Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed at least one claim of the '058 patent by submitting, or causing to be submitted, to the FDA ANDA No. 216137, seeking approval to manufacture, use, import, offer to sell or sell Zydus' generic products before the expiration date of the '058 patent.

138.     Upon information and belief, if ANDA No. 216137 is approved, Zydus intends to and will manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States.

139.     Upon information and belief, if ANDA No. 216137 is approved, Zydus will infringe one or more claims of the '058 patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing Zydus' generic products,

and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 216137 shall be no earlier than the expiration of the '058 patent and any additional periods of exclusivity.

140.    Upon information and belief, Zydus knows, should know and intends that physicians will prescribe and patients will take Zydus' generic products for which approval is sought in ANDA No. 216137, and therefore will infringe at least one claim of the '058 patent.

141.    Upon information and belief, Zydus has knowledge of the '058 patent and, by its proposed package insert for Zydus' generic products, knows or should know that it will induce direct infringement of at least one claim of the '058 patent, either literally or under the doctrine of equivalents.

142.    Upon information and belief, Zydus is aware and/or has knowledge that its proposed package insert will recommend, suggest, encourage and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Zydus' generic products according to the instructions in the proposed package insert in a way that directly infringes at least one claim of the '058 patent.

143.    Upon information and belief, Zydus' actions relating to Zydus' ANDA No. 216137 complained of herein were done by and for the benefit of Zydus.

144.    Plaintiff will be irreparably harmed by Zydus' infringing activities unless this Court enjoins those activities.

145.    Plaintiff does not have an adequate remedy at law.

{01786866;v1 }                                21

## COUNT III

## (INFRINGEMENT OF THE '103 PATENT)

146.    Plaintiff realleges, and incorporates fully herein, each preceding paragraph.

147.    Upon information and belief, Zydus filed ANDA No. 216137 seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '103 patent.

148.    Zydus' Third Notice Letter states that Zydus filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '103 patent are invalid, unenforceable and/or will not be infringed.

149.    Upon information and belief, Zydus admits infringement of at least one claim of the '103 patent because Zydus' Third Notice Letter did not provide any non-infringement allegation with respect to at least one claim of the '103 patent.

150.    Upon information and belief, in its ANDA No. 216137, Zydus has represented to the FDA that Zydus' generic products is pharmaceutically and therapeutically equivalent to Neurocrine's INGREZZA® Capsules.

151.    Zydus has actual knowledge of the '103 patent, as evidenced by at least Zydus' Third Notice Letter.

152.    Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed at least one claim of the '103 patent by submitting, or causing to be submitted, to the FDA ANDA No. 216137, seeking approval to manufacture, use, import, offer to sell or sell Zydus' generic products before the expiration date of the '103 patent.

153.    Upon information and belief, if ANDA No. 216137 is approved, Zydus intends to and will manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States.

154.    Upon information and belief, if ANDA No. 216137 is approved, Zydus will infringe one or more claims of the '103 patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing Zydus' generic products, and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 216137 shall be no earlier than the expiration of the '103 patent and any additional periods of exclusivity.

155.    Upon information and belief, Zydus knows, should know and intends that physicians will prescribe and patients will take Zydus' generic products for which approval is sought in ANDA No. 216137, and therefore will infringe at least one claim of the '103 patent.

156.    Upon information and belief, Zydus has knowledge of the '103 patent and, by its proposed package insert for Zydus' generic products, knows or should know that it will induce direct infringement of at least one claim of the '103 patent, either literally or under the doctrine of equivalents.

157.    Upon information and belief, Zydus is aware and/or has knowledge that its proposed package insert will recommend, suggest, encourage and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Zydus' generic products according to the instructions in the proposed package insert in a way that directly infringes at least one claim of the '103 patent.

158.    Upon information and belief, Zydus' actions relating to Zydus' ANDA No. 216137 complained of herein were done by and for the benefit of Zydus.

159.    Plaintiff will be irreparably harmed by Zydus' infringing activities unless this Court enjoins those activities.

160.    Plaintiff does not have an adequate remedy at law.

## COUNT IV

## (INFRINGEMENT OF THE '104 PATENT)

161.    Plaintiff realleges, and incorporates fully herein, each preceding paragraph.

162.    Upon information and belief, Zydus filed ANDA No. 216137 seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '104 patent.

163.    Zydus' Third Notice Letter states that Zydus filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '104 patent are invalid, unenforceable and/or will not be infringed.

164.    Upon information and belief, in its ANDA No. 216137, Zydus has represented to the FDA that Zydus' generic products is pharmaceutically and therapeutically equivalent to Neurocrine's INGREZZA® Capsules.

165.    Zydus has actual knowledge of the '104 patent, as evidenced by at least Zydus' Third Notice Letter.

166.    Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed at least one claim of the '104 patent by submitting, or causing to be submitted, to the FDA ANDA No. 216137, seeking approval to manufacture, use, import, offer to sell or sell Zydus' generic products before the expiration date of the '104 patent.

167.    Upon information and belief, if ANDA No. 216137 is approved, Zydus intends to and will manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States.

168.    Upon information and belief, if ANDA No. 216137 is approved, Zydus will infringe

one or more claims of the '104 patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing Zydus' generic products, and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 216137 shall be no earlier than the expiration of the '104 patent and any additional periods of exclusivity.

169. Upon information and belief, Zydus knows, should know and intends that physicians will prescribe and patients will take Zydus' generic products for which approval is sought in ANDA No. 216137, and therefore will infringe at least one claim of the '104 patent.

170. Upon information and belief, Zydus has knowledge of the '104 patent and, by its proposed package insert for Zydus' generic products, knows or should know that it will induce direct infringement of at least one claim of the '104 patent, either literally or under the doctrine of equivalents.

171. Upon information and belief, Zydus is aware and/or has knowledge that its proposed package insert will recommend, suggest, encourage and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Zydus' generic products according to the instructions in the proposed package insert in a way that directly infringes at least one claim of the '104 patent.

172. Upon information and belief, Zydus' actions relating to Zydus' ANDA No. 216137 complained of herein were done by and for the benefit of Zydus.

173. Plaintiff will be irreparably harmed by Zydus' infringing activities unless this Court enjoins those activities.

174. Plaintiff does not have an adequate remedy at law.

## COUNT V

## (INFRINGEMENT OF THE '137 PATENT)

175.   Plaintiff realleges, and incorporates fully herein, each preceding paragraph.

176.   Upon information and belief, Zydus filed ANDA No. 216137 seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '137 patent.

177.   Zydus' Third Notice Letter states that Zydus filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '137 patent are invalid, unenforceable and/or will not be infringed.

178.   Upon information and belief, Zydus admits infringement of at least one claim of the '137 patent because Zydus' Third Notice Letter did not provide any non-infringement allegation with respect to at least one claim of the '137 patent.

179.   Upon information and belief, in its ANDA No. 216137, Zydus has represented to the FDA that Zydus' generic products is pharmaceutically and therapeutically equivalent to Neurocrine's INGREZZA® Capsules.

180.   Zydus has actual knowledge of the '137 patent, as evidenced by at least Zydus' Third Notice Letter.

181.   Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed at least one claim of the '137 patent by submitting, or causing to be submitted, to the FDA ANDA No. 216137, seeking approval to manufacture, use, import, offer to sell or sell Zydus' generic products before the expiration date of the '137 patent.

182.   Upon information and belief, if ANDA No. 216137 is approved, Zydus intends to and will manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States.

183. Upon information and belief, if ANDA No. 216137 is approved, Zydus will infringe one or more claims of the '137 patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing Zydus' generic products, and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 216137 shall be no earlier than the expiration of the '137 patent and any additional periods of exclusivity.

184. Upon information and belief, Zydus knows, should know and intends that physicians will prescribe and patients will take Zydus' generic products for which approval is sought in ANDA No. 216137, and therefore will infringe at least one claim of the '137 patent.

185. Upon information and belief, Zydus has knowledge of the '137 patent and, by its proposed package insert for Zydus' generic products, knows or should know that it will induce direct infringement of at least one claim of the '137 patent, either literally or under the doctrine of equivalents.

186. Upon information and belief, Zydus is aware and/or has knowledge that its proposed package insert will recommend, suggest, encourage and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Zydus' generic products according to the instructions in the proposed package insert in a way that directly infringes at least one claim of the '137 patent.

187. Upon information and belief, Zydus' actions relating to Zydus' ANDA No. 216137 complained of herein were done by and for the benefit of Zydus.

188. Plaintiff will be irreparably harmed by Zydus' infringing activities unless this Court enjoins those activities.

189.    Plaintiff does not have an adequate remedy at law.

## COUNT VI

### (INFRINGEMENT OF THE '148 PATENT)

190.    Plaintiff realleges, and incorporates fully herein, each preceding paragraph.

191.    Upon information and belief, Zydus filed ANDA No. 216137 seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '148 patent.

192.    Zydus' Third Notice Letter states that Zydus filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '148 patent are invalid, unenforceable and/or will not be infringed.

193.    Upon information and belief, Zydus admits infringement of at least one claim of the '148 patent because Zydus' Third Notice Letter did not provide any non-infringement allegation with respect to at least one claim of the '148 patent.

194.    Upon information and belief, in its ANDA No. 216137, Zydus has represented to the FDA that Zydus' generic products is pharmaceutically and therapeutically equivalent to Neurocrine's INGREZZA® Capsules.

195.    Zydus has actual knowledge of the '148 patent, as evidenced by at least Zydus' Third Notice Letter.

196.    Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed at least one claim of the '148 patent by submitting, or causing to be submitted, to the FDA ANDA No. 216137, seeking approval to manufacture, use, import, offer to sell or sell Zydus' generic products before the expiration date of the '148 patent.

197.    Upon information and belief, if ANDA No. 216137 is approved, Zydus intends to

and will manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States.

198.    Upon information and belief, if ANDA No. 216137 is approved, Zydus will infringe one or more claims of the '148 patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing Zydus' generic products, and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 216137 shall be no earlier than the expiration of the '148 patent and any additional periods of exclusivity.

199.    Upon information and belief, Zydus knows, should know and intends that physicians will prescribe and patients will take Zydus' generic products for which approval is sought in ANDA No. 216137, and therefore will infringe at least one claim of the '148 patent.

200.    Upon information and belief, Zydus has knowledge of the '148 patent and, by its proposed package insert for Zydus' generic products, knows or should know that it will induce direct infringement of at least one claim of the '148 patent, either literally or under the doctrine of equivalents.

201.    Upon information and belief, Zydus is aware and/or has knowledge that its proposed package insert will recommend, suggest, encourage and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Zydus' generic products according to the instructions in the proposed package insert in a way that directly infringes at least one claim of the '148 patent.

202.    Upon information and belief, Zydus' actions relating to Zydus' ANDA No. 216137 complained of herein were done by and for the benefit of Zydus.

203. Plaintiff will be irreparably harmed by Zydus' infringing activities unless this Court enjoins those activities.

204. Plaintiff does not have an adequate remedy at law.

## COUNT VII

## (INFRINGEMENT OF THE '648 PATENT)

205. Plaintiff realleges, and incorporates fully herein, each preceding paragraph.

206. Upon information and belief, Zydus filed ANDA No. 216137 seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '648 patent.

207. Zydus' Third Notice Letter states that Zydus filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '648 patent are invalid, unenforceable and/or will not be infringed.

208. Upon information and belief, Zydus admits infringement of at least one claim of the '648 patent because Zydus' Third Notice Letter did not provide any non-infringement allegation with respect to at least one claim of the '648 patent.

209. Upon information and belief, in its ANDA No. 216137, Zydus has represented to the FDA that Zydus' generic products is pharmaceutically and therapeutically equivalent to Neurocrine's INGREZZA® Capsules.

210. Zydus has actual knowledge of the '648 patent, as evidenced by at least Zydus' Third Notice Letter.

211. Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed at least one claim of the '648 patent by submitting, or causing to be submitted, to the FDA ANDA No. 216137, seeking approval to manufacture, use, import, offer to sell or sell Zydus' generic

products before the expiration date of the '648 patent.

212. Upon information and belief, if ANDA No. 216137 is approved, Zydus intends to and will manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States.

213. Upon information and belief, if ANDA No. 216137 is approved, Zydus will infringe one or more claims of the '648 patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing Zydus' generic products, and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 216137 shall be no earlier than the expiration of the '648 patent and any additional periods of exclusivity.

214. Upon information and belief, Zydus knows, should know and intends that physicians will prescribe and patients will take Zydus' generic products for which approval is sought in ANDA No. 216137, and therefore will infringe at least one claim of the '648 patent.

215. Upon information and belief, Zydus has knowledge of the '648 patent and, by its proposed package insert for Zydus' generic products, knows or should know that it will induce direct infringement of at least one claim of the '648 patent, either literally or under the doctrine of equivalents.

216. Upon information and belief, Zydus is aware and/or has knowledge that its proposed package insert will recommend, suggest, encourage and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Zydus' generic products according to the instructions in the proposed package insert in a way that directly infringes at least one claim of the '648 patent.

217. Upon information and belief, Zydus' actions relating to Zydus' ANDA No. 216137 complained of herein were done by and for the benefit of Zydus.

218. Plaintiff will be irreparably harmed by Zydus' infringing activities unless this Court enjoins those activities.

219. Plaintiff does not have an adequate remedy at law.

## COUNT VIII

## (INFRINGEMENT OF THE '902 PATENT)

220. Plaintiff realleges, and incorporates fully herein, each preceding paragraph.

221. Upon information and belief, Zydus filed ANDA No. 216137 seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '902 patent.

222. Zydus' Third Notice Letter states that Zydus filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '902 patent are invalid, unenforceable and/or will not be infringed.

223. Upon information and belief, Zydus admits infringement of at least one claim of the '902 patent because Zydus' Third Notice Letter did not provide any non-infringement allegation with respect to at least one claim of the '902 patent.

224. Upon information and belief, in its ANDA No. 216137, Zydus has represented to the FDA that Zydus' generic products is pharmaceutically and therapeutically equivalent to Neurocrine's INGREZZA® Capsules.

225. Zydus has actual knowledge of the '902 patent, as evidenced by at least Zydus' Third Notice Letter.

226. Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed

at least one claim of the '902 patent by submitting, or causing to be submitted, to the FDA ANDA No. 216137, seeking approval to manufacture, use, import, offer to sell or sell Zydus' generic products before the expiration date of the '902 patent.

227.    Upon information and belief, if ANDA No. 216137 is approved, Zydus intends to and will manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States.

228.    Upon information and belief, if ANDA No. 216137 is approved, Zydus will infringe at least one claim of the '902 patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing Zydus' generic products, and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 216137 shall be no earlier than the expiration of the '902 patent and any additional periods of exclusivity.

229.    Upon information and belief, Zydus' actions relating to Zydus' ANDA No. 216137 complained of herein were done by and for the benefit of Zydus.

230.    Plaintiff will be irreparably harmed by Zydus' infringing activities unless this Court enjoins those activities.

231.    Plaintiff does not have an adequate remedy at law.

## COUNT IX

## (INFRINGEMENT OF THE '903 PATENT)

232.    Plaintiff realleges, and incorporates fully herein, each preceding paragraph.

233.    Upon information and belief, Zydus filed ANDA No. 216137 seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States

before the expiration of the '903 patent.

234.    Zydus' Third Notice Letter states that Zydus filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '903 patent are invalid, unenforceable and/or will not be infringed.

235.    Upon information and belief, Zydus admits infringement of at least one claim of the '903 patent because Zydus' Third Notice Letter did not provide any non-infringement allegation with respect to at least one claim of the '903 patent.

236.    Upon information and belief, in its ANDA No. 216137, Zydus has represented to the FDA that Zydus' generic products is pharmaceutically and therapeutically equivalent to Neurocrine's INGREZZA® Capsules.

237.    Zydus has actual knowledge of the '903 patent, as evidenced by at least Zydus' Third Notice Letter.

238.    Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed at least one claim of the '903 patent by submitting, or causing to be submitted, to the FDA ANDA No. 216137, seeking approval to manufacture, use, import, offer to sell or sell Zydus' generic products before the expiration date of the '903 patent.

239.    Upon information and belief, if ANDA No. 216137 is approved, Zydus intends to and will manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States.

240.    Upon information and belief, if ANDA No. 216137 is approved, Zydus will infringe at least one claim of the '903 patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing Zydus' generic products, and/or by actively inducing infringement by others under § 271(b) and/or contributing to

infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 216137 shall be no earlier than the expiration of the '903 patent and any additional periods of exclusivity.

241. Upon information and belief, Zydus' actions relating to Zydus' ANDA No. 216137 complained of herein were done by and for the benefit of Zydus.

242. Plaintiff will be irreparably harmed by Zydus' infringing activities unless this Court enjoins those activities.

243. Plaintiff does not have an adequate remedy at law.

## COUNT X

## (INFRINGEMENT OF THE '771 PATENT)

244. Plaintiff realleges, and incorporates fully herein, each preceding paragraph.

245. Upon information and belief, Zydus filed ANDA No. 216137 seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '771 patent.

246. Zydus' Third Notice Letter states that Zydus filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '771 patent are invalid, unenforceable and/or will not be infringed.

247. Upon information and belief, Zydus admits infringement of at least one claim of the '771 patent because Zydus' Third Notice Letter did not provide any non-infringement allegation with respect to at least one claim of the '771 patent.

248. Upon information and belief, in its ANDA No. 216137, Zydus has represented to the FDA that Zydus' generic products is pharmaceutically and therapeutically equivalent to Neurocrine's INGREZZA® Capsules.

249. Zydus has actual knowledge of the '771 patent, as evidenced by at least Zydus' Third Notice Letter.

250. Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed at least one claim of the '771 patent by submitting, or causing to be submitted, to the FDA ANDA No. 216137, seeking approval to manufacture, use, import, offer to sell or sell Zydus' generic products before the expiration date of the '771 patent.

251. Upon information and belief, if ANDA No. 216137 is approved, Zydus intends to and will manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States.

252. Upon information and belief, if ANDA No. 216137 is approved, Zydus will infringe one or more claims of the '771 patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing Zydus' generic products, and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 216137 shall be no earlier than the expiration of the '771 patent and any additional periods of exclusivity.

253. Upon information and belief, Zydus knows, should know and intends that physicians will prescribe and patients will take Zydus' generic products for which approval is sought in ANDA No. 216137, and therefore will infringe at least one claim of the '771 patent.

254. Upon information and belief, Zydus has knowledge of the '771 patent and, by its proposed package insert for Zydus' generic products, knows or should know that it will induce direct infringement of at least one claim of the '771 patent, either literally or under the doctrine of equivalents.

255. Upon information and belief, Zydus is aware and/or has knowledge that its proposed package insert will recommend, suggest, encourage and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Zydus' generic products according to the instructions in the proposed package insert in a way that directly infringes at least one claim of the '771 patent.

256. Upon information and belief, Zydus' actions relating to Zydus' ANDA No. 216137 complained of herein were done by and for the benefit of Zydus.

257. Plaintiff will be irreparably harmed by Zydus' infringing activities unless this Court enjoins those activities.

258. Plaintiff does not have an adequate remedy at law.

## COUNT XI

## (INFRINGEMENT OF THE '892 PATENT)

259. Plaintiff realleges, and incorporates fully herein, each preceding paragraph.

260. Upon information and belief, Zydus filed ANDA No. 216137 seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '892 patent.

261. Zydus' Third Notice Letter states that Zydus filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '892 patent are invalid, unenforceable and/or will not be infringed.

262. Upon information and belief, Zydus admits infringement of at least one claim of the '892 patent because Zydus' Third Notice Letter did not provide any non-infringement allegation with respect to at least one claim of the '892 patent.

263. Upon information and belief, in its ANDA No. 216137, Zydus has represented to

the FDA that Zydus' generic products is pharmaceutically and therapeutically equivalent to Neurocrine's INGREZZA® Capsules.

264. Zydus has actual knowledge of the '892 patent, as evidenced by at least Zydus' Third Notice Letter.

265. Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed at least one claim of the '892 patent by submitting, or causing to be submitted, to the FDA ANDA No. 216137, seeking approval to manufacture, use, import, offer to sell or sell Zydus' generic products before the expiration date of the '892 patent.

266. Upon information and belief, if ANDA No. 216137 is approved, Zydus intends to and will manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States.

267. Upon information and belief, if ANDA No. 216137 is approved, Zydus will infringe at least one claim of the '892 patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing Zydus' generic products, and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 216137 shall be no earlier than the expiration of the '892 patent and any additional periods of exclusivity.

268. Upon information and belief, Zydus' actions relating to Zydus' ANDA No. 216137 complained of herein were done by and for the benefit of Zydus.

269. Plaintiff will be irreparably harmed by Zydus' infringing activities unless this Court enjoins those activities.

270. Plaintiff does not have an adequate remedy at law.

## COUNT XII

## (INFRINGEMENT OF THE '141 PATENT)

271.    Plaintiff realleges, and incorporates fully herein, each preceding paragraph.

272.    Upon information and belief, Zydus filed ANDA No. 216137 seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '141 patent.

273.    Zydus' Third Notice Letter states that Zydus filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '141 patent are invalid, unenforceable and/or will not be infringed.

274.    Upon information and belief, Zydus admits infringement of at least one claim of the '141 patent because Zydus' Third Notice Letter did not provide any non-infringement allegation with respect to at least one claim of the '141 patent.

275.    Upon information and belief, in its ANDA No. 216137, Zydus has represented to the FDA that Zydus' generic products is pharmaceutically and therapeutically equivalent to Neurocrine's INGREZZA® Capsules.

276.    Zydus has actual knowledge of the '141 patent, as evidenced by at least Zydus' Third Notice Letter.

277.    Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed at least one claim of the '141 patent by submitting, or causing to be submitted, to the FDA ANDA No. 216137, seeking approval to manufacture, use, import, offer to sell or sell Zydus' generic products before the expiration date of the '141 patent.

278.    Upon information and belief, if ANDA No. 216137 is approved, Zydus intends to and will manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States.

{01786866;v1 }                                    39

279. Upon information and belief, if ANDA No. 216137 is approved, Zydus will infringe one or more claims of the '141 patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing Zydus' generic products, and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 216137 shall be no earlier than the expiration of the '141 patent and any additional periods of exclusivity.

280. Upon information and belief, Zydus knows, should know and intends that physicians will prescribe and patients will take Zydus' generic products for which approval is sought in ANDA No. 216137, and therefore will infringe at least one claim of the '141 patent.

281. Upon information and belief, Zydus has knowledge of the '141 patent and, by its proposed package insert for Zydus' generic products, knows or should know that it will induce direct infringement of at least one claim of the '141 patent, either literally or under the doctrine of equivalents.

282. Upon information and belief, Zydus is aware and/or has knowledge that its proposed package insert will recommend, suggest, encourage and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Zydus' generic products according to the instructions in the proposed package insert in a way that directly infringes at least one claim of the '141 patent.

283. Upon information and belief, Zydus' actions relating to Zydus' ANDA No. 216137 complained of herein were done by and for the benefit of Zydus.

284. Plaintiff will be irreparably harmed by Zydus' infringing activities unless this Court enjoins those activities.

{01786866;v1 }                                                40

285.    Plaintiff does not have an adequate remedy at law.

## COUNT XIII

## (INFRINGEMENT OF THE '997 PATENT)

286.    Plaintiff realleges, and incorporates fully herein, each preceding paragraph.

287.    Upon information and belief, Zydus filed ANDA No. 216137 seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '997 patent.

288.    Zydus' Third Notice Letter states that Zydus filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '997 patent are invalid, unenforceable and/or will not be infringed.

289.    Upon information and belief, Zydus admits infringement of at least one claim of the '997 patent because Zydus' Third Notice Letter did not provide any non-infringement allegation with respect to at least one claim of the '997 patent.

290.    Upon information and belief, in its ANDA No. 216137, Zydus has represented to the FDA that Zydus' generic products is pharmaceutically and therapeutically equivalent to Neurocrine's INGREZZA® Capsules.

291.    Zydus has actual knowledge of the '997 patent, as evidenced by at least Zydus' Third Notice Letter.

292.    Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed at least one claim of the '997 patent by submitting, or causing to be submitted, to the FDA ANDA No. 216137, seeking approval to manufacture, use, import, offer to sell or sell Zydus' generic products before the expiration date of the '997 patent.

293.    Upon information and belief, if ANDA No. 216137 is approved, Zydus intends to

and will manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States.

294.    Upon information and belief, if ANDA No. 216137 is approved, Zydus will infringe one or more claims of the '997 patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing Zydus' generic products, and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 216137 shall be no earlier than the expiration of the '997 patent and any additional periods of exclusivity.

295.    Upon information and belief, Zydus knows, should know and intends that physicians will prescribe and patients will take Zydus' generic products for which approval is sought in ANDA No. 216137, and therefore will infringe at least one claim of the '997 patent.

296.    Upon information and belief, Zydus has knowledge of the '997 patent and, by its proposed package insert for Zydus' generic products, knows or should know that it will induce direct infringement of at least one claim of the '997 patent, either literally or under the doctrine of equivalents.

297.    Upon information and belief, Zydus is aware and/or has knowledge that its proposed package insert will recommend, suggest, encourage and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Zydus' generic products according to the instructions in the proposed package insert in a way that directly infringes at least one claim of the '997 patent.

298.    Upon information and belief, Zydus' actions relating to Zydus' ANDA No. 216137 complained of herein were done by and for the benefit of Zydus.

299.    Plaintiff will be irreparably harmed by Zydus' infringing activities unless this Court enjoins those activities.

300.    Plaintiff does not have an adequate remedy at law.

## COUNT XIV

### (INFRINGEMENT OF THE '941 PATENT)

301.    Plaintiff realleges, and incorporates fully herein, each preceding paragraph.

302.    Upon information and belief, Zydus filed ANDA No. 216137 seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '941 patent.

303.    Zydus' Third Notice Letter states that Zydus filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '941 patent are invalid, unenforceable and/or will not be infringed.

304.    Upon information and belief, Zydus admits infringement of at least one claim of the '941 patent because Zydus' Third Notice Letter did not provide any non-infringement allegation with respect to at least one claim of the '941 patent.

305.    Upon information and belief, in its ANDA No. 216137, Zydus has represented to the FDA that Zydus' generic products is pharmaceutically and therapeutically equivalent to Neurocrine's INGREZZA® Capsules.

306.    Zydus has actual knowledge of the '941 patent, as evidenced by at least Zydus' Third Notice Letter.

307.    Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed at least one claim of the '941 patent by submitting, or causing to be submitted, to the FDA ANDA

No. 216137, seeking approval to manufacture, use, import, offer to sell or sell Zydus' generic products before the expiration date of the '941 patent.

308.    Upon information and belief, if ANDA No. 216137 is approved, Zydus intends to and will manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States.

309.    Upon information and belief, if ANDA No. 216137 is approved, Zydus will infringe one or more claims of the '941 patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing Zydus' generic products, and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 216137 shall be no earlier than the expiration of the '941 patent and any additional periods of exclusivity.

310.    Upon information and belief, Zydus knows, should know and intends that physicians will prescribe and patients will take Zydus' generic products for which approval is sought in ANDA No. 216137, and therefore will infringe at least one claim of the '941 patent.

311.    Upon information and belief, Zydus has knowledge of the '941 patent and, by its proposed package insert for Zydus' generic products, knows or should know that it will induce direct infringement of at least one claim of the '941 patent, either literally or under the doctrine of equivalents.

312.    Upon information and belief, Zydus is aware and/or has knowledge that its proposed package insert will recommend, suggest, encourage and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Zydus' generic

products according to the instructions in the proposed package insert in a way that directly infringes at least one claim of the '941 patent.

313.    Upon information and belief, Zydus' actions relating to Zydus' ANDA No. 216137 complained of herein were done by and for the benefit of Zydus.

314.    Plaintiff will be irreparably harmed by Zydus' infringing activities unless this Court enjoins those activities.

315.    Plaintiff does not have an adequate remedy at law.

## COUNT XV

## (INFRINGEMENT OF THE '931 PATENT)

316.    Plaintiff realleges, and incorporates fully herein, each preceding paragraph.

317.    Upon information and belief, Zydus filed ANDA No. 216137 seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '931 patent.

318.    Zydus' Third Notice Letter states that Zydus filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '931 patent are invalid, unenforceable and/or will not be infringed.

319.    Upon information and belief, in its ANDA No. 216137, Zydus has represented to the FDA that Zydus' generic products is pharmaceutically and therapeutically equivalent to Neurocrine's INGREZZA® Capsules.

320.    Zydus has actual knowledge of the '931 patent, as evidenced by at least Zydus' Third Notice Letter.

321.    Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed at least one claim of the '931 patent by submitting, or causing to be submitted, to the FDA ANDA

No. 216137, seeking approval to manufacture, use, import, offer to sell or sell Zydus' generic products before the expiration date of the '931 patent.

322. Upon information and belief, if ANDA No. 216137 is approved, Zydus intends to and will manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States.

323. Upon information and belief, if ANDA No. 216137 is approved, Zydus will infringe one or more claims of the '931 patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing Zydus' generic products, and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 216137 shall be no earlier than the expiration of the '931 patent and any additional periods of exclusivity.

324. Upon information and belief, Zydus knows, should know and intends that physicians will prescribe and patients will take Zydus' generic products for which approval is sought in ANDA No. 216137, and therefore will infringe at least one claim of the '931 patent.

325. Upon information and belief, Zydus has knowledge of the '931 patent and, by its proposed package insert for Zydus' generic products, knows or should know that it will induce direct infringement of at least one claim of the '931 patent, either literally or under the doctrine of equivalents.

326. Upon information and belief, Zydus is aware and/or has knowledge that its proposed package insert will recommend, suggest, encourage and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Zydus' generic

products according to the instructions in the proposed package insert in a way that directly infringes at least one claim of the '931 patent.

327. Upon information and belief, Zydus' actions relating to Zydus' ANDA No. 216137 complained of herein were done by and for the benefit of Zydus.

328. Plaintiff will be irreparably harmed by Zydus' infringing activities unless this Court enjoins those activities.

329. Plaintiff does not have an adequate remedy at law.

## COUNT III

## (INFRINGEMENT OF THE '939 PATENT)

330. Plaintiff realleges, and incorporates fully herein, each preceding paragraph.

331. Upon information and belief, Zydus filed ANDA No. 216137 seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '939 patent.

332. Zydus' Third Notice Letter states that Zydus filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '939 patent are invalid, unenforceable and/or will not be infringed.

333. Upon information and belief, in its ANDA No. 216137, Zydus has represented to the FDA that Zydus' generic products are pharmaceutically and therapeutically equivalent to Neurocrine's INGREZZA® Capsules.

334. Zydus has actual knowledge of the '939 patent, as evidenced by at least Zydus' Third Notice Letter.

335. Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed at least one claim of the '939 patent by submitting, or causing to be submitted, to the FDA ANDA

No. 216137, seeking approval to manufacture, use, import, offer to sell or sell Zydus' generic products before the expiration date of the '939 patent.

336. Upon information and belief, if ANDA No. 216137 is approved, Zydus intends to and will manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States.

337. Upon information and belief, if ANDA No. 216137 is approved, Zydus will infringe one or more claims of the '939 patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing Zydus' generic products, and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 216137 shall be no earlier than the expiration of the '939 patent and any additional periods of exclusivity.

338. Upon information and belief, Zydus knows, should know and intends that physicians will prescribe and patients will take Zydus' generic products for which approval is sought in ANDA No. 216137, and therefore will infringe at least one claim of the '939 patent.

339. Upon information and belief, Zydus has knowledge of the '939 patent and, by its proposed package insert for Zydus' generic products, knows or should know that it will induce direct infringement of at least one claim of the '939 patent, either literally or under the doctrine of equivalents.

340. Upon information and belief, Zydus is aware and/or has knowledge that its proposed package insert will recommend, suggest, encourage and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Zydus' generic

products according to the instructions in the proposed package insert in a way that directly infringes at least one claim of the '939 patent.

341. Upon information and belief, Zydus' actions relating to Zydus' ANDA No. 216137 complained of herein were done by and for the benefit of Zydus.

342. Plaintiff will be irreparably harmed by Zydus' infringing activities unless this Court enjoins those activities.

343. Plaintiff does not have an adequate remedy at law.

## COUNT IV

## (INFRINGEMENT OF THE '029 PATENT)

344. Plaintiff realleges, and incorporates fully herein, each preceding paragraph.

345. Upon information and belief, Zydus filed ANDA No. 216137 seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '029 patent.

346. Zydus' Third Notice Letter states that Zydus filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '029 patent are invalid, unenforceable and/or will not be infringed.

347. Upon information and belief, Zydus admits infringement of at least one claim of the '029 patent because Zydus' Third Notice Letter did not provide any non-infringement allegation with respect to at least one claim of the '029 patent.

348. Upon information and belief, in its ANDA No. 216137, Zydus has represented to the FDA that Zydus' generic products is pharmaceutically and therapeutically equivalent to Neurocrine's INGREZZA® Capsules.

349.    Zydus has actual knowledge of the '029 patent, as evidenced by at least Zydus' Third Notice Letter.

350.    Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed at least one claim of the '029 patent by submitting, or causing to be submitted, to the FDA ANDA No. 216137, seeking approval to manufacture, use, import, offer to sell or sell Zydus' generic products before the expiration date of the '029 patent.

351.    Upon information and belief, if ANDA No. 216137 is approved, Zydus intends to and will manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States.

352.    Upon information and belief, if ANDA No. 216137 is approved, Zydus will infringe one or more claims of the '029 patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing Zydus' generic products, and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 216137 shall be no earlier than the expiration of the '029 patent and any additional periods of exclusivity.

353.    Upon information and belief, Zydus knows, should know and intends that physicians will prescribe and patients will take Zydus' generic products for which approval is sought in ANDA No. 216137, and therefore will infringe at least one claim of the '029 patent.

354.    Upon information and belief, Zydus has knowledge of the '029 patent and, by its proposed package insert for Zydus' generic products, knows or should know that it will induce direct infringement of at least one claim of the '029 patent, either literally or under the doctrine of equivalents.

355. Upon information and belief, Zydus is aware and/or has knowledge that its proposed package insert will recommend, suggest, encourage and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Zydus' generic products according to the instructions in the proposed package insert in a way that directly infringes at least one claim of the '029 patent.

356. Upon information and belief, Zydus' actions relating to Zydus' ANDA No. 216137 complained of herein were done by and for the benefit of Zydus.

357. Plaintiff will be irreparably harmed by Zydus' infringing activities unless this Court enjoins those activities.

358. Plaintiff does not have an adequate remedy at law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Zydus has infringed at least one claim of the '952 patent through Zydus' submission of ANDA No. 216137 to the FDA seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '952 patent;

B. The entry of judgment under 35 U.S.C. § 271(a), (b) and/or (c) that Zydus' making, using, offering to sell, selling or importing of Zydus' generic products before the expiration of the '952 patent will infringe, actively induce infringement and/or contribute to the infringement of at least one claim of the '952 patent under 35 U.S.C. § 271(a), (b) and/or (c);

C. The issuance of an order that the effective date of any FDA approval of Zydus' generic products shall be no earlier than the expiration date of the '952 patent and any additional

periods of exclusivity, or any such later date as the Court may determine, in accordance with 35 U.S.C. § 271(e)(4)(A);

D.    The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from manufacturing, using, offering for sale or selling Zydus' generic products within the United States, or importing Zydus' generic products into the United States, until the expiration of the '952 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

E.    The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from seeking, obtaining or maintaining approval of the ANDA until the expiration of the '952 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

F.    The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Zydus has infringed at least one claim of the '058 patent through Zydus' submission of ANDA No. 216137 to the FDA seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '058 patent;

G.    The entry of judgment under 35 U.S.C. § 271(a), (b) and/or (c) that Zydus' making, using, offering to sell, selling or importing of Zydus' generic products before the expiration of the '058 patent will infringe, actively induce infringement and/or contribute to the infringement of at least one claim of the '058 patent under 35 U.S.C. § 271(a), (b) and/or (c);

H.    The issuance of an order that the effective date of any FDA approval of Zydus' generic products shall be no earlier than the expiration date of the '058 patent and any additional periods of exclusivity, or any such later date as the Court may determine, in accordance with 35 U.S.C. § 271(e)(4)(A);

I.       The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from manufacturing, using, offering for sale or selling Zydus' generic products within the United States, or importing Zydus' generic products into the United States, until the expiration of the '058 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

J.       The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from seeking, obtaining or maintaining approval of the ANDA until the expiration of the '058 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

K.       The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Zydus has infringed at least one claim of the '103 patent through Zydus' submission of ANDA No. 216137 to the FDA seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '103 patent;

L.       The entry of judgment under 35 U.S.C. § 271(a), (b) and/or (c) that Zydus' making, using, offering to sell, selling or importing of Zydus' generic products before the expiration of the '103 patent will infringe, actively induce infringement and/or contribute to the infringement of at least one claim of the '103 patent under 35 U.S.C. § 271(a), (b) and/or (c);

M.       The issuance of an order that the effective date of any FDA approval of Zydus' generic products shall be no earlier than the expiration date of the '103 patent and any additional periods of exclusivity, or any such later date as the Court may determine, in accordance with 35 U.S.C. § 271(e)(4)(A);

N.       The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from manufacturing, using, offering for sale or selling Zydus'

generic products within the United States, or importing Zydus' generic products into the United States, until the expiration of the '103 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

O.      The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from seeking, obtaining or maintaining approval of the ANDA until the expiration of the '103 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

P.      The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Zydus has infringed at least one claim of the '104 patent through Zydus' submission of ANDA No. 216137 to the FDA seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '104 patent;

Q.      The entry of judgment under 35 U.S.C. § 271(a), (b) and/or (c) that Zydus' making, using, offering to sell, selling or importing of Zydus' generic products before the expiration of the '104 patent will infringe, actively induce infringement and/or contribute to the infringement of at least one claim of the '104 patent under 35 U.S.C. § 271(a), (b) and/or (c);

R.      The issuance of an order that the effective date of any FDA approval of Zydus' generic products shall be no earlier than the expiration date of the '104 patent and any additional periods of exclusivity, or any such later date as the Court may determine, in accordance with 35 U.S.C. § 271(e)(4)(A);

S.      The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from manufacturing, using, offering for sale or selling Zydus' generic products within the United States, or importing Zydus' generic products into the United

States, until the expiration of the '104 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

T.    The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from seeking, obtaining or maintaining approval of the ANDA until the expiration of the '104 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

U.    The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Zydus has infringed at least one claim of the '137 patent through Zydus' submission of ANDA No. 216137 to the FDA seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '137 patent;

V.    The entry of judgment under 35 U.S.C. § 271(a), (b) and/or (c) that Zydus' making, using, offering to sell, selling or importing of Zydus' generic products before the expiration of the '137 patent will infringe, actively induce infringement and/or contribute to the infringement of at least one claim of the '137 patent under 35 U.S.C. § 271(a), (b) and/or (c);

W.    The issuance of an order that the effective date of any FDA approval of Zydus' generic products shall be no earlier than the expiration date of the '137 patent and any additional periods of exclusivity, or any such later date as the Court may determine, in accordance with 35 U.S.C. § 271(e)(4)(A);

X.    The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from manufacturing, using, offering for sale or selling Zydus' generic products within the United States, or importing Zydus' generic products into the United States, until the expiration of the '137 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

Y.      The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from seeking, obtaining or maintaining approval of the ANDA until the expiration of the '137 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

Z.      The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Zydus has infringed at least one claim of the '148 patent through Zydus' submission of ANDA No. 216137 to the FDA seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '148 patent;

AA.     The entry of judgment under 35 U.S.C. § 271(a), (b) and/or (c) that Zydus' making, using, offering to sell, selling or importing of Zydus' generic products before the expiration of the '148 patent will infringe, actively induce infringement and/or contribute to the infringement of at least one claim of the '148 patent under 35 U.S.C. § 271(a), (b) and/or (c);

BB.     The issuance of an order that the effective date of any FDA approval of Zydus' generic products shall be no earlier than the expiration date of the '148 patent and any additional periods of exclusivity, or any such later date as the Court may determine, in accordance with 35 U.S.C. § 271(e)(4)(A);

CC.     The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from manufacturing, using, offering for sale or selling Zydus' generic products within the United States, or importing Zydus' generic products into the United States, until the expiration of the '148 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

DD.     The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from seeking, obtaining or maintaining approval of the

ANDA until the expiration of the '148 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

EE.     The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Zydus has infringed at least one claim of the '648 patent through Zydus' submission of ANDA No. 216137 to the FDA seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '648 patent;

FF.     The entry of judgment under 35 U.S.C. § 271(a), (b) and/or (c) that Zydus' making, using, offering to sell, selling or importing of Zydus' generic products before the expiration of the '648 patent will infringe, actively induce infringement and/or contribute to the infringement of at least one claim of the '648 patent under 35 U.S.C. § 271(a), (b) and/or (c);

GG.     The issuance of an order that the effective date of any FDA approval of Zydus' generic products shall be no earlier than the expiration date of the '648 patent and any additional periods of exclusivity, or any such later date as the Court may determine, in accordance with 35 U.S.C. § 271(e)(4)(A);

HH.     The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from manufacturing, using, offering for sale or selling Zydus' generic products within the United States, or importing Zydus' generic products into the United States, until the expiration of the '648 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

II.     The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from seeking, obtaining or maintaining approval of the ANDA until the expiration of the '648 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

JJ.    The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Zydus has infringed at least one claim of the '902 patent through Zydus' submission of ANDA No. 216137 to the FDA seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '902 patent;

KK.    The entry of judgment under 35 U.S.C. § 271(a), (b) and/or (c) that Zydus' making, using, offering to sell, selling or importing of Zydus' generic products before the expiration of the '902 patent will infringe, actively induce infringement and/or contribute to the infringement of at least one claim of the '902 patent under 35 U.S.C. § 271(a), (b) and/or (c);

LL.    The issuance of an order that the effective date of any FDA approval of Zydus' generic products shall be no earlier than the expiration date of the '902 patent and any additional periods of exclusivity, or any such later date as the Court may determine, in accordance with 35 U.S.C. § 271(e)(4)(A);

MM.    The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from manufacturing, using, offering for sale or selling Zydus' generic products within the United States, or importing Zydus' generic products into the United States, until the expiration of the '902 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

NN.    The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from seeking, obtaining or maintaining approval of the ANDA until the expiration of the '902 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

OO.    The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Zydus has infringed at least one claim of the '903 patent through Zydus' submission of ANDA No. 216137 to the FDA

seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '903 patent;

PP.    The entry of judgment under 35 U.S.C. § 271(a), (b) and/or (c) that Zydus' making, using, offering to sell, selling or importing of Zydus' generic products before the expiration of the '903 patent will infringe, actively induce infringement and/or contribute to the infringement of at least one claim of the '903 patent under 35 U.S.C. § 271(a), (b) and/or (c);

QQ.    The issuance of an order that the effective date of any FDA approval of Zydus' generic products shall be no earlier than the expiration date of the '903 patent and any additional periods of exclusivity, or any such later date as the Court may determine, in accordance with 35 U.S.C. § 271(e)(4)(A);

RR.    The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from manufacturing, using, offering for sale or selling Zydus' generic products within the United States, or importing Zydus' generic products into the United States, until the expiration of the '903 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

SS.    The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from seeking, obtaining or maintaining approval of the ANDA until the expiration of the '903 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

TT.    The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Zydus has infringed at least one claim of the '771 patent through Zydus' submission of ANDA No. 216137 to the FDA seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '771 patent;

UU. The entry of judgment under 35 U.S.C. § 271(a), (b) and/or (c) that Zydus' making, using, offering to sell, selling or importing of Zydus' generic products before the expiration of the '771 patent will infringe, actively induce infringement and/or contribute to the infringement of at least one claim of the '771 patent under 35 U.S.C. § 271(a), (b) and/or (c);

VV. The issuance of an order that the effective date of any FDA approval of Zydus' generic products shall be no earlier than the expiration date of the '771 patent and any additional periods of exclusivity, or any such later date as the Court may determine, in accordance with 35 U.S.C. § 271(e)(4)(A);

WW. The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from manufacturing, using, offering for sale or selling Zydus' generic products within the United States, or importing Zydus' generic products into the United States, until the expiration of the '771 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

XX. The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from seeking, obtaining or maintaining approval of the ANDA until the expiration of the '771 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

YY. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Zydus has infringed at least one claim of the '892 patent through Zydus' submission of ANDA No. 216137 to the FDA seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '892 patent;

ZZ. The entry of judgment under 35 U.S.C. § 271(a), (b) and/or (c) that Zydus' making, using, offering to sell, selling or importing of Zydus' generic products before the expiration of the

'892 patent will infringe, actively induce infringement and/or contribute to the infringement of at least one claim of the '892 patent under 35 U.S.C. § 271(a), (b) and/or (c);

AAA.  The issuance of an order that the effective date of any FDA approval of Zydus' generic products shall be no earlier than the expiration date of the '892 patent and any additional periods of exclusivity, or any such later date as the Court may determine, in accordance with 35 U.S.C. § 271(e)(4)(A);

BBB.  The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from manufacturing, using, offering for sale or selling Zydus' generic products within the United States, or importing Zydus' generic products into the United States, until the expiration of the '892 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

CCC.  The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from seeking, obtaining or maintaining approval of the ANDA until the expiration of the '892 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

DDD.  The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Zydus has infringed at least one claim of the '141 patent through Zydus' submission of ANDA No. 216137 to the FDA seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '141 patent;

EEE.  The entry of judgment under 35 U.S.C. § 271(a), (b) and/or (c) that Zydus' making, using, offering to sell, selling or importing of Zydus' generic products before the expiration of the '141 patent will infringe, actively induce infringement and/or contribute to the infringement of at least one claim of the '141 patent under 35 U.S.C. § 271(a), (b) and/or (c);

FFF.   The issuance of an order that the effective date of any FDA approval of Zydus' generic products shall be no earlier than the expiration date of the '141 patent and any additional periods of exclusivity, or any such later date as the Court may determine, in accordance with 35 U.S.C. § 271(e)(4)(A);

GGG.   The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from manufacturing, using, offering for sale or selling Zydus' generic products within the United States, or importing Zydus' generic products into the United States, until the expiration of the '141 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

HHH.   The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from seeking, obtaining or maintaining approval of the ANDA until the expiration of the '141 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

III.   The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Zydus has infringed at least one claim of the '997 patent through Zydus' submission of ANDA No. 216137 to the FDA seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '997 patent;

JJJ.   The entry of judgment under 35 U.S.C. § 271(a), (b) and/or (c) that Zydus' making, using, offering to sell, selling or importing of Zydus' generic products before the expiration of the '997 patent will infringe, actively induce infringement and/or contribute to the infringement of at least one claim of the '997 patent under 35 U.S.C. § 271(a), (b) and/or (c);

KKK.   The issuance of an order that the effective date of any FDA approval of Zydus' generic products shall be no earlier than the expiration date of the '997 patent and any additional

periods of exclusivity, or any such later date as the Court may determine, in accordance with 35 U.S.C. § 271(e)(4)(A);

LLL.    The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from manufacturing, using, offering for sale or selling Zydus' generic products within the United States, or importing Zydus' generic products into the United States, until the expiration of the '997 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

MMM.The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from seeking, obtaining or maintaining approval of the ANDA until the expiration of the '997 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

NNN.    The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Zydus has infringed at least one claim of the '941 patent through Zydus' submission of ANDA No. 216137 to the FDA seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '941 patent;

OOO.    The entry of judgment under 35 U.S.C. § 271(a), (b) and/or (c) that Zydus' making, using, offering to sell, selling or importing of Zydus' generic products before the expiration of the '941 patent will infringe, actively induce infringement and/or contribute to the infringement of at least one claim of the '941 patent under 35 U.S.C. § 271(a), (b) and/or (c);

PPP.    The issuance of an order that the effective date of any FDA approval of Zydus' generic products shall be no earlier than the expiration date of the '941 patent and any additional periods of exclusivity, or any such later date as the Court may determine, in accordance with 35 U.S.C. § 271(e)(4)(A);

QQQ.  The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from manufacturing, using, offering for sale or selling Zydus' generic products within the United States, or importing Zydus' generic products into the United States, until the expiration of the '941 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

RRR.  The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from seeking, obtaining or maintaining approval of the ANDA until the expiration of the '941 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

SSS.  The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Zydus has infringed at least one claim of the '931 patent through Zydus' submission of ANDA No. 216137 to the FDA seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '931 patent;

TTT.  The entry of judgment under 35 U.S.C. § 271(a), (b) and/or (c) that Zydus' making, using, offering to sell, selling or importing of Zydus' generic products before the expiration of the '931 patent will infringe, actively induce infringement and/or contribute to the infringement of at least one claim of the '931 patent under 35 U.S.C. § 271(a), (b) and/or (c);

UUU.  The issuance of an order that the effective date of any FDA approval of Zydus' generic products shall be no earlier than the expiration date of the '931 patent and any additional periods of exclusivity, or any such later date as the Court may determine, in accordance with 35 U.S.C. § 271(e)(4)(A);

VVV.  The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from manufacturing, using, offering for sale or selling Zydus'

generic products within the United States, or importing Zydus' generic products into the United States, until the expiration of the '931 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

WWW.    The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from seeking, obtaining or maintaining approval of the ANDA until the expiration of the '931 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

XXX.   The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Zydus has infringed at least one claim of the '939 patent through Zydus' submission of ANDA No. 216137 to the FDA seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '939 patent;

YYY.   The entry of judgment under 35 U.S.C. § 271(a), (b) and/or (c) that Zydus' making, using, offering to sell, selling or importing of Zydus' generic products before the expiration of the '939 patent will infringe, actively induce infringement and/or contribute to the infringement of at least one claim of the '939 patent under 35 U.S.C. § 271(a), (b) and/or (c);

ZZZ.   The issuance of an order that the effective date of any FDA approval of Zydus' generic products shall be no earlier than the expiration date of the '939 patent and any additional periods of exclusivity, or any such later date as the Court may determine, in accordance with 35 U.S.C. § 271(e)(4)(A);

AAAA.    The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from manufacturing, using, offering for sale or selling Zydus' generic products within the United States, or importing Zydus' generic products into the

United States, until the expiration of the '939 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

BBBB. The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from seeking, obtaining or maintaining approval of the ANDA until the expiration of the '939 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

CCCC. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Zydus has infringed at least one claim of the '029 patent through Zydus' submission of ANDA No. 216137 to the FDA seeking approval to manufacture, use, import, offer to sell and/or sell Zydus' generic products in the United States before the expiration of the '029 patent;

DDDD.    The entry of judgment under 35 U.S.C. § 271(a), (b) and/or (c) that Zydus' making, using, offering to sell, selling or importing of Zydus' generic products before the expiration of the '029 patent will infringe, actively induce infringement and/or contribute to the infringement of at least one claim of the '029 patent under 35 U.S.C. § 271(a), (b) and/or (c);

EEEE. The issuance of an order that the effective date of any FDA approval of Zydus' generic products shall be no earlier than the expiration date of the '029 patent and any additional periods of exclusivity, or any such later date as the Court may determine, in accordance with 35 U.S.C. § 271(e)(4)(A);

FFFF. The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from manufacturing, using, offering for sale or selling Zydus' generic products within the United States, or importing Zydus' generic products into the United States, until the expiration of the '029 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

GGGG.    The entry of a preliminary and/or permanent injunction, enjoining Zydus and all persons acting in concert with Zydus from seeking, obtaining or maintaining approval of the ANDA until the expiration of the '029 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

HHHH.    The issuance of a declaration that this is an exceptional case and an award to Plaintiff of their costs, expenses and disbursements in this action, including reasonable attorney fees, pursuant to 35 U.S.C. §§ 285 and 271(e)(4);

IIII.    An award to Plaintiff of any further appropriate relief under 35 U.S.C. § 271(e)(4); and

JJJJ.    An award to Plaintiff of any further and additional relief that this Court deems just and proper.

ASHBY & GEDDES

*/s/ Steven J. Balick*

Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
amayo@ashby-geddes.com
*Attorneys for Plaintiff Neurocrine Biosciences, Inc.*

*Of Counsel:*

James B. Monroe
Erin M. Sommers
Lauren J. Dowty
Jeanette M. Roorda
Yoonjin Lee
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4431
(202) 408-4000

Dated:  April 1, 2022